IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

WILLIAM MCCALPIN, SR. AND
GWENA MCCALPIN, ON BEHALF OF
WILLIAM CHRISTOPHER MCCALPIN II, DECEASED          PLAINTIFFS

VS.                                   CIVIL ACTION NO: 1:15cv162-GHD-DAS

AMERICAN HARDWOODS INDUSTRIES, LLC,
GRAHAM LUMBER COMPANY, LLC,
AUGUSTA LUMBER, LLC, AND
JOHN DOES 1-5, JOINTLY AND INDIVIDUALLY            DEFENDANTS

**ORDER**

This matter is before the court on plaintiffs' motion (#14) and seeks an order compelling the defendants to produce certain documents and to permit a site inspection. Previously, this court stayed all discovery unrelated to defendants' motion to dismiss. In their motion to dismiss, defendants argue that the exclusive remedy provision of the Mississippi Workers' Compensation Act bars plaintiffs' tort claims. Specifically, defendants highlight that plaintiffs failed to allege any intentional conduct on the part of the defendants.

In support of the present motion, plaintiffs submit they have been unable to discover the circumstances contributing to the death of William Christopher McCalpin, II. By being permitted to inspect the requested documents and the scene of the incident, plaintiffs argue that they might discover grounds to avoid the exclusive remedy provision. However, defendants correctly point out that the discovery sought will have no bearing on the outcome of the pending motion to dismiss. In deciding a motion to dismiss, courts are restricted to the allegations contained in the complaint, itself. Therefore, because the complaint fails to allege any

intentional conduct on the part of the defendants, the court finds that the discovery sought does not pertain to the issues presented in the pending motion to dismiss.

IT IS, THEREFORE, ORDERED that plaintiffs' motion to compel is denied because the discovery sought does not fall within the scope of permissible discovery under Local Uniform Civil Rule 16(b)(3)(B).

SO ORDERED this, the 7th day of January, 2016.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE