IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

WILLIAM McALPIN, SR. and
GWENA McCALPIN, on behalf of
William Christopher McAlpin, II,
Deceased                                                                                          PLAINTIFFS

v.                                                      CIVIL ACTION NO. 1:15-cv-00162-GHD-DAS

AMERICAN HARDWOODS INDUSTRIES, LLC;
GRAHAM LUMBER COMPANY, LLC;
AUGUST LUMBER, LLC; and
JOHN DOES 1–5, jointly and severally                                                 DEFENDANTS

MEMORANDUM OPINION DENYING
DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION TO STAY

Presently before the Court are Defendants' motion to dismiss [3] and Plaintiffs' motion to stay [13] the case for discovery related to the motion to dismiss. The matters are now fully briefed. Upon due consideration, the Court finds that both Defendants' motion to dismiss [3] and Plaintiffs' motion to stay [13] should be denied.

*A. Factual and Procedural Background*

On December 10, 2014, Plaintiffs William McAlpin, Sr. and Gwena McAlpin ("Plaintiffs") initiated this lawsuit on behalf of their son, Decedent William Christopher McAlpin, II ("Decedent"), in the Circuit Court of Itawamba County, Mississippi against their son's former employers, Defendants American Hardwoods Industries, LLC; Graham Lumber Company, LLC; and August Lumber, LLC[1] ("Defendants"). Plaintiffs allege that their son, "while engaged in his regular employment with Defendants at the Fulton, Mississippi plant, became entangled in an unguarded conveyor while attempting to clean up sawdust and bark around it." Pls.' State-Court Compl. [2] ¶ 7. Plaintiffs further allege that their son suffered

---
[1] Defendants maintain that the party sued as "August Lumber, LLC" is actually "August Lumber Holdings, LLC."

1

"injuries includ[ing] head trauma, a fracture to his right arm, multiple contusions, and cardiac arrest" and "ultimately died as a result of his injuries" that same day. *Id.* Plaintiffs assert that the Occupational Safety and Health Administration ("OSHA") conducted an investigation into the matter and concluded "the safety guard for the subject conveyor belt had been removed and was not on the conveyor at the time of the incident" and "levied fines against [Defendant] Graham Lumber Company, LLC for a willful violation in the sum of $75,610.00." *Id.* ¶ 8. Plaintiffs aver that their son's death was wrongful and was proximately caused by Defendants' "negligence and/or unlawful acts of gross negligence, both of commission and omission," which "were so gross and inexcusable as to constitute a wanton and willful disregard for the life, safety, and well-being of [Decedent], and in effect evidenced a total disregard for, and indifference to, the safety of [Decedent]." *Id.* ¶¶ 9, 11. Plaintiffs seek both compensatory and punitive damages, "[t]he negligence of the Defendants herein being so gross and inexcusable as to virtually shock the conscience." *Id.* ¶ 12.

On September 16, 2015, Defendants timely removed the case to this Court on the basis of diversity of citizenship. On September 21, 2015, Defendants filed the present motion to dismiss [3], wherein they maintain that Plaintiffs' claims must be dismissed as barred by the exclusive remedy provision of the Mississippi Workers' Compensation Act (the "MWCA"). Plaintiffs subsequently filed a response, wherein they maintain their complaint adequately states a claim outside the exclusive remedy provision of the MWCA, and alternatively, move for a stay [13] of the motion to dismiss [3] for the purpose of seeking "limited discovery on the issue of MWCA exclusivity in this case, which would include an inspection of the premises and the machine which caused the death of [Decedent]," before the Court rules on the motion to dismiss. Pls.' Mem. Br. Supp. Resp. Opp'n to Defs.' Mot. Dismiss [12] at 5–6. In tandem, Plaintiffs filed a motion to compel production of documents and site inspection [14], which the United States

2

Magistrate Judge assigned to this cause denied for the following stated reasons: (1) "the discovery sought does not pertain to the issues presented in the pending motion to dismiss" which is limited in scope to the face of the complaint; and (2) the requested discovery "does not fall within the scope of permissible discovery under Local Uniform Civil Rule 16(b)(3)(B)." Ct.'s Order Denying Mot. Compel [23] at 1–2.

### B. Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss Standard

" '[A] motion to dismiss under 12(b)(6) is viewed with disfavor and is rarely granted.' " *Belanger v. Geico Gen. Ins. Co.*, 623 F. App'x 684, 686 (5th Cir. 2015) (per curiam) (quoting *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citation and internal quotation marks omitted)). When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)).

"[A plaintiff's] complaint . . . 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." ' " *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). " '[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim.' " *Jingping Xu v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 595 F. App'x 341, 343 (5th Cir. 2014) (per curiam) (quoting *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012)). " '[C]onclusory allegations or legal conclusions masquerading as factual

conclusions will not suffice.' " *Rogers v. Raycom Media, Inc.*, No. 14-31074, 2016 WL 125321, at *1 (5th Cir. Jan. 11, 2016) (per curiam) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal quotation marks and citations omitted)).

"Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.' " *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

### C. Analysis and Discussion

At the outset, the Court addresses Plaintiffs' motion to stay consideration of the motion to dismiss to allow discovery on the MWCA exclusivity issue presented in Defendants' motion to dismiss. "The control of discovery 'is committed to the sound discretion of the trial court . . . .' " *Smith v. Potter*, 400 F. App'x 806, 813 (5th Cir. 2010) (per curiam) (quoting *Mayo v. Tri–Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986) (citations omitted)). However, the inquiry on a Rule 12(b)(6) motion to dismiss is whether the face of a plaintiff's complaint "states a claim to relief that is plausible on its face." *See Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. This procedure, operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (citations omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). The Fifth Circuit has stated: "A motion to dismiss pursuant to Rule 12(b)(6) is decided solely on the pleadings; thus, the degree of discovery conducted is irrelevant to a Rule 12(b)(6) motion." *Senegal v. Jefferson County, Tex.*, 1 F.3d 1238, 1993 WL 309915, at *2 (5th Cir. 1993)

4

(per curiam). Accordingly, a Rule 12(b)(6) motion to dismiss should be ruled on prior to discovery. *See Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) ("A plaintiff is not entitled to discovery before a motion to dismiss, and dismissal under Rule 12(b)(6) helps protect defendants from expending resources on costly discovery for cases that will not survive summary judgment."); *Chudasama v. Mazda Motor Corp.*, 12 F.3d 1353, 1367 (11th Cir. 1997) ("A motion to dismiss based on failure to state a claim for relief should . . . be resolved before discovery begins."); *Roche v. Adkins*, 998 F.2d 1016, 1993 WL 262009, at *4 (7th Cir. 1993) ("A motion to dismiss under Rule 12(b)(6), however, presents only a question of law. Either the plaintiff's allegations stated a claim, or they did not."); *Rutman Wine Co. V.E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (idea that discovery should be permitted before deciding a motion to dismiss "is unsupported and defied common sense [because] the purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."); *Aquino v. PNC Mortg.*, No. 2:15-CV-00068-GMN, 2015 WL 3903723, at *1 (D. Nev. June 23, 2015) ("Rule 12(b)(6) requires only the Court to examine if the pleadings are sufficient to establish the claim, and does not require the Court to determine if the Plaintiff could find evidence to support the pleadings."). Based on all of the foregoing, the Court finds that Plaintiffs' motion to stay must be denied.

Turning now to Defendants' motion to dismiss, the Court notes that the sole issue before it is whether, pursuant to Rule 12(b)(6), the face of Plaintiffs' complaint presents a claim that falls outside the scope of the MWCA's exclusivity provision. If it does, the case may proceed. If it does not, the complaint must be dismissed for failure to state a claim.

"[The MWCA] . . . provides the exclusive means of relief for an employee's claim based on his employer's negligent conduct." *Chamblee v. Miss. Farm Bureau Fed'n*, 551 F. App'x 757, 761 (5th Cir. 2014) (per curiam) (citing Miss. Code Ann. § 71–3–9). The MWCA's

5

exclusivity provision states in pertinent part that "[t]he liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee . . . ." Miss. Code Ann. § 71–3–9. "[T]he MWCA's exclusivity provision prevents employees from raising common-law negligence claims." *Chamblee*, 551 F. App'x at 761 (citing *Miller v. McRae's, Inc.*, 444 So. 2d 368, 371 (Miss. 1984)). "However, based upon the statutory requirement that the 'injury' be 'accidental' to be compensable under the [MWCA], *see* Mississippi Code [§§] 71–3–3(b), 71–3–7, [the Mississippi Supreme Court] has found that some intentional torts are outside the scope of the exclusivity provision in Mississippi Code [§] 71–3–9." *Franklin Corp. v. Tedford*, 18 So. 3d 215, 221 (Miss. 2009), *holding modified on other grounds by In re Miss. Medicaid Pharm. Average Wholesale Price Litig.*, No. 2012-CA-01610-SCT, 2015 WL 6533344 (Miss. Oct. 29, 2015). "This limitation on the [MWCA's] exclusivity 'reflects the public policy that certain courses of conduct (intentional torts) are so shockingly outrageous and beyond the bounds of civilized conduct that the person responsible should not be rewarded with tort immunity.' " *Id.* (quoting John R. Bradley & Linda A. Thompson, Mississippi Workers' Compensation § 11:8 (2007)).

The Mississippi Supreme Court "repeatedly has held that, 'in order for a willful tort to be outside the exclusivity of the [MWCA], the employe[r]'s action must be done "with an actual intent to injure the employee." ' " *Bowden v. Young*, 120 So. 3d 971, 976 (Miss. 2013) (quoting *Griffin v. Futorian Corp.*, 533 So. 2d 461, 464 (Miss. 1988) (quoting Dunn, Mississippi Workmen's Compensation § 22 (3d ed. 1982 & Supp. 1984))). " 'A mere willful and malicious act is insufficient to give rise to the intentional tort exception to the exclusive remedy provisions of the [MWCA] . . . . Reckless or grossly negligent conduct is not enough to remove a claim from the exclusivity of the [MWCA].' " *See id.* (quoting *Blailock v. O'Bannon*, 795 So. 2d 533,

6

535 (Miss. 2001) (citing *Peaster v. David New Drilling Co.*, 642 So. 2d 344, 348–49 (Miss. 1994))). The Mississippi Supreme Court stated in *Bowden*:

> In sum, for a tort claim against an employer to fall outside the MWCA and survive Rule 12(b)(6) dismissal, a plaintiff must allege that the actions of the employer went beyond negligence, gross negligence, or recklessness. In order to succeed on such a claim, the plaintiff must allege and prove that the employer acted with an actual intent to injure the employee, with full knowledge that the employee would be injured and with the purpose of the action being to cause injury to the employee.

*Id.* The court further stated: "Essentially, if the facts alleged or proven point to negligence, gross negligence, or recklessness, despite an allegation of actual intent, this Court will find that workers' compensation is the sole avenue for relief for the aggrieved party." *Id.* at 977.

In the case *sub judice*, Plaintiffs maintain their suit is "an action founding in intentional torts as well as negligence." Pls. State-Ct. Compl. [2] ¶ 6. Throughout the complaint, Plaintiffs refer to Defendants' alleged actions as follows: "negligence," *id.* ¶¶ 6, 8, 9, 11, 12; "unlawful acts of gross negligence, both of commission and/or omission," *id.* ¶ 9; "negligent acts and omissions . . . so gross and inexcusable as to constitute a wanton and willful disregard for the life, safety, and well-being of [Decedent], and in effect evidenc[ing] a total disregard for, and indifference to, the safety of [Decedent]," *id.* ¶ 11; and "negligence . . . so gross and inexcusable as to virtually shock the conscience," *id.* ¶ 12. Plaintiffs' complaint further alleges that "[t]he Occupational Safety and Health Administration (OSHA) conducted an investigation into this matter, and concluded that the safety guard for the subject conveyor belt had been removed and was not on the conveyor at the time of the incident, and OSHA levied fines against [Defendant] Graham Lumber Company, LLC for a willful violation in the sum of $75,610.00." *Id.* ¶ 8. Plaintiffs attach to their complaint a copy of OSHA's invoice/debt collection notice, wherein OSHA referred to two separate citations against Defendant Graham Lumber Company, LLC:

"Citation 1, Serious" in the amount of $5,6100.00 and "Citation 2, Willful" in the amount of $70,000.00. *See id.* at 7–8. In the opinion of this Court, OSHA's finding that the employer committed a willful violation is tantamount to intentional conduct that would satisfy the intent-to-injure standard, at least at this early stage of the proceeding. The strong, unequivocal finding of willful violation by OSHA constitutes an action that is "willful and intentional, and thus outside of the MWCA." *See Bowden*, 120 So. 3d at 976. Accordingly, Defendants' motion to dismiss must be denied.

*D. Conclusion*

Accordingly, based on all of the foregoing, Defendants' motion to dismiss [3] is DENIED, and Plaintiffs' motion to stay [13] is DENIED.

An order in accordance with this opinion shall issue this day.

THIS, the 16th day of March, 2016.

*[signature]*
SENIOR U.S. DISTRICT COURT JUDGE