IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

WILLIAM McCALPIN, SR. and
GWENA McCALPIN, on behalf of
William Christopher McCalpin, II,
Deceased                                                                PLAINTIFFS

v.                                          CIVIL ACTION NO. 1:15-cv-00162-GHD-DAS

AMERICAN HARDWOODS INDUSTRIES, LLC;
GRAHAM LUMBER COMPANY, LLC;
AUGUST LUMBER, LLC; and
JOHN DOES 1–5, jointly and severally                                    DEFENDANTS

MEMORANDUM OPINION GRANTING
DEFENDANTS' MOTION FOR RECONSIDERATION AND DISMISSING THE CASE

Presently before the Court is Defendants' motion for reconsideration [32] of this Court's March 17, 2016 Order [25] and memorandum opinion [26] declining to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Plaintiffs have not filed a response to the motion for reconsideration. The matter is now ripe for review. Upon due consideration, the Court finds the motion for reconsideration [32] is well taken.

In their motion [32], Defendants request that the Court dismiss Plaintiffs' negligence and gross negligence claims, as the same are barred by the exclusive remedy provision in the Mississippi Workers' Compensation Act (the "MWCA"). Defendants further request that this Court find that the common-law Election of Remedies Doctrine bars Plaintiffs' and Intervenor Plaintiff Liberty Mutual Insurance Company's claims for negligence and gross negligence against Defendants. Finally, Defendants request that the Court find that Plaintiffs are barred by the MWCA from asserting duplicative claims for medical expenses and funeral and burial

---

[1] The Order and memorandum opinion denied Defendants' motion to dismiss [3] and Plaintiffs' motion to stay [13].

1

expenses, as Plaintiffs have received these benefits from Intervenor Plaintiff Liberty Mutual Insurance Company.

Defendants are correct insofar as Plaintiffs' claims for negligence and gross negligence are concerned. In regard to these claims, "[the MWCA] provides the exclusive means of relief for an employee's claim based on his employer's negligent conduct." *See Chamblee v. Miss. Farm Bureau Fed'n*, 551 F. App'x 757, 761 (5th Cir. 2014) (per curiam) (citing Miss. Code Ann. § 71–3–9). The MWCA's exclusivity provision states in pertinent part that "[t]he liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee . . . ." Miss. Code Ann. § 71–3–9. "[T]he MWCA's exclusivity provision prevents employees from raising common-law negligence claims." *Chamblee*, 551 F. App'x at 761 (citing *Miller v. McRae's, Inc.*, 444 So. 2d 368, 371 (Miss. 1984)). Clearly, workers' compensation is an exclusive remedy.

"However, based upon the statutory requirement that the 'injury' be 'accidental' to be compensable under the [MWCA], *see* Mississippi Code [§§] 71–3–3(b), 71–3–7, [the Mississippi Supreme Court] has found that some intentional torts are outside the scope of the exclusivity provision in Mississippi Code [§] 71–3–9." *Franklin Corp. v. Tedford*, 18 So. 3d 215, 221 (Miss. 2009), *holding modified on other grounds by In re Miss. Medicaid Pharm. Average Wholesale Price Litig.*, — So. 3d —, 2015 WL 6533344 (Miss. Oct. 29, 2015). "This limitation on the [MWCA's] exclusivity 'reflects the public policy that certain courses of conduct (intentional torts) are so shockingly outrageous and beyond the bounds of civilized conduct that the person responsible should not be rewarded with tort immunity.' " *Id.* (quoting John R. Bradley & Linda A. Thompson, Mississippi Workers' Compensation § 11:8 (2007)).

In its memorandum opinion [26] denying Defendants' motion to dismiss [3], this Court stated that "[t]he strong, unequivocal finding of willful violation by OSHA constitutes an action

2

that is 'willful and intentional, and thus outside of the MWCA.' " *See* Ct.'s Mem. Op. Denying Mot. Dismiss & Mot. Stay [26] at 8 (quoting *Bowden v. Young*, 120 So. 3d 971, 976 (Miss. 2013)). The Court is troubled that a claim for intentional tort might exist relative to the factual situation present in the case *sub judice*. The Court notes though that such a claim was not pled in the Plaintiffs' complaint.

Although distinguished by the existence of workers' compensation, this Court felt that the factual situation in this case should be examined as this Court did in a seminal employment law case, *Laws v. Aetna Finance Co. et al.*, 667 F. Supp. 342 (N.D. Miss. 1987). The logic applied by this Court in its *Erie* guess was subsequently ratified and adopted by the Mississippi Supreme Court in *McArn v. Allied Bruce–Terminix Co.*, 626 So. 2d 603, 607 (Miss. 1993), thus creating an exception to the Mississippi doctrine of employment at will in employment law. In the case *sub judice*, this Court is troubled by the fact that an employer, who according to OSHA has willfully violated OSHA regulations, could suffer no civil consequence for its unlawful conduct.

Notwithstanding the foregoing, however, it appears that the Plaintiffs have made an election to accept workers' compensation. It further appears that the elements of damages sought have been paid by the workers' compensation carrier. By making this election, the Plaintiffs are precluded from pursuing this action. Accordingly, this case shall be DISMISSED.

An order in accordance with this opinion shall issue this day.

THIS, the ____2____ day of June, 2016.

_____
SENIOR U.S. DISTRICT COURT JUDGE